1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ARMANDO ABREU ACEVES,

11            Petitioner,                    No. CIV S-08-1409 EFB P

12        vs.

13   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
14   REHABILITATION, et al.,

15            Respondents.              ORDER

16   _____/

17        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28

18   U.S.C. § 2254.  Petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a).

19        Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford

20   the costs of suit.

21        The court has reviewed the petition in detail and, for the reasons explained below, finds

22   that in order to proceed petitioner must file an amended petition.  *See* Rule 4, Rules Governing

23   Section 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a

24   judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

25        Petitioner is currently confined at High Desert State Prison.  He alleges that his due

26   process rights were violated during a prison disciplinary hearing where he was found guilty of

                                          1

possessing a weapon.  Petitioner alleges that as a result, he was ordered to serve a term in the

Security Housing Unit, and forced to send home some of his personal property.   Thereafter,

according to petitioner, prison officials retaliated against him for filing a petition for writ of

habeas corpus by transferring him to the institution where he is currently housed, and which also

houses a known enemy of petitioner's.  Petitioner requests that he be released from custody, that

he be transferred to an institution where his enemies are not also housed, and that respondents be

ordered to compensate petitioner for the property he was forced to mail home.

A judge "entertaining an application for a writ of habeas corpus shall forthwith award the

writ or issue an order directing the respondent to show cause why the writ should not be granted,

unless it appears from the application that the applicant or person detained is not entitled

thereto."  28 U.S.C. § 2243.  A district court must entertain a habeas petition "in behalf of a

person in custody pursuant to the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

§ 2254(a).  By its nature, a petition for a writ of habeas corpus challenges the legality of the fact

or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  However, suit

under the civil rights statute is appropriate where a prisoner challenges the conditions of his

confinement. *See Preiser*, 411 U.S. at 499.  Even where the applicant challenges the fact or

duration of confinement, a federal court cannot grant relief for alleged errors in the interpretation

and application of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991); *Engle v. Issac*, 456

U.S. 107, 119 (1982); *Butcher v. Marquez*, 758 F.2d 373, 378 (9th Cir.1985); *Middleton v. Cupp*,

768 F.2d 1083, 1085 (9th Cir.1985).

A petitioner seeking a writ of habeas corpus must name as respondent the person having

custody over him.  28 U.S.C. § 2242; Rule 2(a), Rules Governing Section 2254 Cases.  This

person ordinarily is the warden of the facility where petitioner is confined. *See Stanley v.*

*California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).  Petitioner names as respondents

the California Department of Corrections and Rehabilitation, and Correctional Officers Mendez

1 and Braga, who do not have custody over petitioner. Petitioner has not named the proper

2 respondent.

3       Additionally, as noted above, petitioner claims that his due process rights were violated,

4 resulting in his placement in the Security Housing Unit and the loss of personal property. He

5 also alleges that prison officials transferred him in retaliation for filing a petition for writ of

6 habeas corpus. It is not clear from the allegations that any of these actions resulted in the loss of

7 good time credits, thereby affecting the duration of his confinement. Accordingly, it does not

8 appear that petitioner is entitled to relief, as petitioner does not challenge the legality of his

9 conviction, a parole proceeding, or other adjudication that has led to his current incarceration.

10 Rather, petitioner challenges conditions of his confinement. Petitioner is advised that a civil

11 rights action, not a habeas corpus proceeding, is the proper mechanism for a prisoner seeking to

12 challenge the conditions of his confinement. 42 U.S.C. § 1983; *Badea v. Cox*, 931 F.2d 573, 574

13 (9th Cir. 1991).

14       Accordingly, it is ORDERED that:

15       1. Petitioner's request for leave to proceed *in forma pauperis* is granted.

16       2. Petitioner has 20 days from the date of this order to file an amended petition for a writ

17 of habeas corpus curing the deficiencies identified in this order. The petition must bear the

18 docket number assigned to this action and be styled, "First Amended Petition." Failure to

19 comply with this order will result in dismissal of this action without prejudice to filing a civil

20 rights action.

21 Dated: March 26, 2009.

22               EDMUND F. BRENNAN

              UNITED STATES MAGISTRATE JUDGE

23

24

25

26